And our final case on this morning's oral argument calendar is United States v. Young. Gregory F. Young. Mr. Mullins. Thank you. May it please the court, my name is Brian Mullins. I represent Gregory Young, the appellant in this case. We believe that the district court procedurally erred because it based its sentence on a clearly erroneous fact that his prior burglary convictions involved violence. I don't see how you get there. When I read the district court's comments at sentencing, even at the beginning, she's very clear that she's operating from an adjusted offense level of 21. And if these had been crimes of violence, as they would have been before August 2016, she would have said 23. And she's very clear that she just says what would, it's within the range of the properly calculated guidelines, and it would be, she's using a conditional tense, it would be the low end of the guideline range if your burglaries were incorporated as a crime of violence. But that's what the word if means. She's not doing that. So she decides that an 84-month sentence works, no matter how you look at it. But I don't see the procedural error there. Well, we get there by the district court's reliance on and citation to the commentary note to guideline 4B1.3. Why does that trump her actual statements that she's using an offense level of 21 and that she is giving the 84-month sentence, which she says at least it's within the range, which it is, it's about three months below the top of the range, which is 87. But why does her allusion to an application note trump what she says? Well, it gives context to what she says. I don't know that there's context that's necessary. It seems more that she disagrees with the guidelines change and also that she finds the combination of those prior burglaries and the offense of conviction to be cause for concern. She never relies on a finding of violence unless you can tell us where in the record there is a finding that his burglaries, by her, that his burglaries were violent. Well, we believe that the district court's citation to the commentary note, which the court relied on quite heavily to explain why it believed that a sentence of 84 months was appropriate and necessary. And the fact that she cited the commentary's specific guidance that there may be cases in which a burglary involves violence but does not qualify as a crime of violence. And then the district court explained that, therefore, I'm imposing an 84-month sentence, which would be the low end of the guideline had your burglary involved violence under the guidelines. As the court said technically, the court acknowledged that technically the burglary did not involve violence. What we believe the court then committed error on, procedurally erred on, is going the next step in finding that not only that it didn't technically involve violence, but it in fact involved violence. Or at least we believe that the court found that even though the burglaries didn't count as violent crimes of violence under the guidelines, he should be sentenced as if they did because they involved violence. Now, she never said involved violence. Whether or not the burglaries were considered violent? I'm sorry, I missed the first part of the question. She gave him a within guidelines sentence. And she gave it to him whether or not the burglaries were considered violent. That is a sentence, you know, she gave was near the high end for a guidelines range that is not enhanced for violent burglary and at the low end for a guidelines range that is enhanced for violent burglary. And of course we have, you know, her actually saying at page 13 of the appendix that she was, you know, she referred to the lower range as his properly calculated guideline range. True. The court did not take the extra step in sentencing Mr. Young above the guidelines, which the commentary note does suggest could be appropriate. It did not. The court did not do that. But the analysis that the court used to explain the sentence that it did impose, we believe, relied on a finding that the burglary involved violence. And whether the court sentence was within the guidelines or above the guidelines, if it was based on a clearly erroneous fact, that's procedural error. If the sentence was at least in part based on a clearly erroneous fact, whether it was above the guidelines or not, that is a procedural error and it is a violation of Mr. Young's right to due process. Getting to the government's argument that this should be reviewed on plain air, we believe that we have properly preserved the issue for appeal under de novo review. Twice it was raised by defense counsel. Once in the pre-sentence report, paragraph 100 of the pre-sentence report suggests the possibility of an upward departure under this commentary note 4B1.3. And defense counsel did object to that and pointed out that the facts do not support an upward departure. And then again, it's sentencing. When the government suggested that the burglary might have involved violence, the defense counsel also objected to any finding that the burglary should be used for any conclusion. Other than that, he was sentenced to a term of imprisonment, which was a felony conviction. And I will reserve the rest of my time. All right. Thank you. Mr. Boehm. Thank you, Your Honor. May it please the court. Jason Boehm on behalf of the United States. Judge Darrell did not rely on any clearly erroneous facts when she sentenced Mr. Young. And the problem with the reliance on her, she did quote this application note. I believe the problem with relying on that is the application note says that an upward departure or variance is appropriate if the burglary is violent. Well, if Judge Darrell had found that the burglaries were violent, one would expect that the corresponding upward departure or variance that that application note talks about would have followed. That didn't happen here. She's sentenced within the properly undisputed, properly calculated guideline range, which also was the bottom of the range had his prior burglary still been classified as violent. And that is just simply not error under any standard. And we would ask the court, unless there are any questions, to affirm the sentence. Judge Rovner, any questions? Well, I was wondering if there was any evidence in the record other than the PSR reference to the dismissed charges that these burglaries, in fact, involved violence. Other than the PSR, Judge Rovner, I don't believe there's any evidence in the record regarding the conduct that constituted those burglaries. If there are no further questions, we'll... See none. Thank you very much. All right, Mr. Mullins, you can wrap up if you'd like. I would just cite the district court's comments on page 74 of the sentencing transcript in which the court said, which a burglary involves violence but does not qualify as a crime of violence as defined a higher sentence or a higher criminal history category, then would have applied if the burglary qualified as a crime of violence. And that is exactly what the court then did. It imposed a higher sentence than it would have if the court did not consider those burglary convictions violent. And the evidence does not support that finding. Thank you. All right. Well, thank you very much. Thanks to both counsel. We'll take the case under advisement and the court will be in recess.